IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACQUELINE F. ERVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-12-764-C |
| ) | |
| FITTING BACK IN INCORPORATED; ) | |
| ATTN: BILLON S. CONSTABLE, ) | |
| Executive Director; MELVIN F. COOPER, ) | |
| CEO/President, JOYCE COOPER, Vice ) | |
| President/board Member of Fitting Back In, ) | |
| Incorporated, et al., Tulsa and OKC, OK; ) | |
| all in their official and individual capacities, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action, asserting that, as an employee of Defendants, she was subjected to various acts of discrimination due to her gender and physical disability. On August 21, 2012, Defendants filed a Special Appearance and Motion to Dismiss Plaintiff's Complaint or Quash Service (Dkt. No. 14). Defendants argue that Plaintiff's Complaint fails to state a claim, as she was not an employee of Defendants and therefore cannot maintain an employment discrimination claim under Title VII.

On September 10, 2012, Plaintiff sought and received an extension of time to September 21, 2012, to respond to Defendants' Motion to Dismiss. On September 17, 2012, Plaintiff filed an Amended Complaint. On September 21, 2012, Plaintiff filed a Response to the Motion to Dismiss, arguing that her service was valid. To the extent that Plaintiff sought to respond to Defendants' arguments that she was not an employee, Plaintiff's

Response was impossible to decipher. She offered no meaningful legal or factual argument demonstrating that she had status as an employee sufficient to grant her eligibility to file a claim pursuant to Title VII. Plaintiff also argued that she had a valid claim under the Federal Tort Claims Act. On September 24, 2012, the Court, addressing Plaintiff's Motion for Appointment of Counsel, noted the deficiencies in Plaintiff's Amended Complaint, specifically that it did not resolve the questions regarding her employee status, and directed Plaintiff to provide a response to that portion of the Motion to Dismiss within 21 days of the date of that Order. On October 22, 2012, the Court noted that a recent filing of Plaintiff's would be construed as a motion for extension of time to respond to the Motion to Dismiss, and directed Plaintiff to file an appropriate response no later than November 30, 2012. The deadline set by the Court has now passed with no responsive pleading from Plaintiff. Accordingly, the Court will consider Defendants' Motion to Dismiss ripe for consideration.

As Defendants note, before a party may bring a Title VII claim for employment discrimination, there must be am employee-employer relationship. See 42 U.S.C. § 2000e-2. As the well-supported arguments raised by Defendants establish, Plaintiff has failed to plead facts demonstrating the existence of that relationship. Accordingly, Plaintiff's claims for discrimination pursuant to Title VII must be dismissed.

As the Court noted in its earlier Order, questions regarding the sufficiency of Plaintiff's service of her Amended Complaint have not been brought before the Court. While Defendants challenge sufficiency of the original Complaint, that challenge is insufficient to determine whether or not the Amended Complaint was properly served. This issue is

pertinent because a liberal reading of Plaintiff's pro se Complaint suggests that she also seeks to bring a Federal Tort Claims Act claim against Defendants. Defendants did not challenge the propriety of such a claim in their Motion to Dismiss, and while Plaintiff's Complaint seems deficient in validly stating such a claim, it is not an issue the Court deems appropriate to consider sua sponte. Accordingly, to the extent Defendants wish to challenge the validity of Plaintiff's Federal Tort Claims Act claim and/or the sufficiency of her service of the Amended Complaint, they must file a renewed Motion to Dismiss or otherwise answer the Amended Complaint.

For the reasons set forth herein, Defendants' Motion to Dismiss Plaintiff's Complaint or Quash Service (Dkt. No. 14) is granted in part and denied in part. Defendants' Motion to Dismiss Plaintiff's claims brought pursuant to Title VII is granted, and those claims are dismissed without prejudice. Defendants' challenge to the sufficiency of process is denied, as it does not attack service of the Amended Complaint. Defendants shall file an answer or other responsive pleading within twenty days of the date of this Order.

IT IS SO ORDERED this 12th day of December, 2012.

ROBIN J. CAUTHRON
United States District Judge